Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
CATHY AYOUB,

          PLAINTIFF,

                                     **VERIFIED COMPLAINT**
v.

GOOD SHEPHERD SERVICES, JOHN DOE 1,
JOHN DOE 2, AND JOHN DOE 3,

          DEFENDANTS.
--------------------------------------------------------------X

Cathy Ayoub ("Mrs. Ayoub" or "Plaintiff"), by and through her attorneys, GAINES, NOVICK, PONZINI, COSSU & VENDITTI, LLP, and as for her Complaint in the action against Defendant Good Shepherd Services, John Doe 1, John Doe 2, and John Doe 3 (collectively "Defendants"), hereby alleges as follows:

NATURE OF THE ACTION

1.  This is an action for monetary damages, to redress Defendants' unlawful employment practices committed against Mrs. Ayoub, including its unlawful discrimination, harassment and retaliation committed against Mrs. Ayoub in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et sq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, New York Executive Law §§ 290 et seq. (the "NYSHRL"), the New York City Human Rights Law, and New York Administrative Code §§ 8-101 et seq. (the "NYCHRL").

2. Defendants' conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mrs. Ayoub, which caused, and continues to cause, Mrs. Ayoub to suffer substantial non-economic damages, detriment to her health, including but not limited to insomnia and post-traumatic stress disorder, permanent harm to her professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

<u>JURISDICTION AND VENUE</u>

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mrs. Ayoub's rights under Title VII and Section 1981. This Court has supplemental jurisdiction over Mrs. Ayoub's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Mrs. Ayoub were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and the Defendants located in Bronx, NY.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

6. Mrs. Ayoub resides in the State of New Jersey.

7. From 2006 to the present, Mrs. Ayoub has been employed by Good Shepperd Services and John Doe 1 as a Program Director.

8. At all relevant times, Mrs. Ayoub met the definition of an "employee" under all applicable statutes.

9.  At all relevant times Defendant Good Shepherd Services is a domestic corporation located in the County of the Bronx, in the State of New York.

10. At all relevant times Defendant Good Shepherd Services has met the definition of "employer" under all applicable statutes.

11. At all relevant times Defendant John Doe 1 is a municipality in the State of New York.

12. At all relevant times Defendant John Doe 1 has met the definition of "employer" under all applicable statutes.

13. At all relevant times, Defendant John Doe 2 is a subdivision of Defendant John Doe 1 and a governmental agency.

14. Upon information and belief, Defendant John Doe 2 provides educational services for nearly one million students in the City of New York.

15. At all relevant times, John Doe 2 has met the definition of an "employer" under all applicable statutes.

PROCEDURAL REQUIREMENTS

16. Mrs. Ayoub has complied with all statutory prerequisites to her Title VII claims, having filed a charge of discrimination, against Good Shepherd Services and the New York City Department of Education, with the Equal Employment Opportunity ("EEOC") New York District Office in March of 2018.

17. Mrs. Ayoub s EEOC charge was cross filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

18. In June of 2018 the EEOC transferred Mrs. Ayoub's charge to the United States Department of Justice.

19. On or about April 30, 2018, the EEOC issued a right to sue letter as to Good Shepherd Services, which Plaintiff did not receive until was received on or about May 11, 2018.

20. This lawsuit has been filed within ninety days of receipt of Mrs. Ayoub's right to sue letter as it pertains to Good Shepherd Services.

21.  Mrs. Ayoub has not yet received a right to sue letter as it pertains to the New York City Department of Education.

22. Any and all other prerequisites to the filing of this lawsuit against Good Shepherd Services have been satisfied.

23. Upon receipt of a right to sue letter, as it pertains to the New York City Department of Education, from the United States Department of Justice, Plaintiff will amend the Complaint and add the City of New York and the New York City Department of Education as Defendants.

24. A copy of the Amended Complaint will be served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York within ten days of filing the amendment to this Complaint, thereby satisfying the notice requirements of the New York City Administrative Code § 8-502.

<u>FACTUAL ALLEGATIONS</u>

25. Mrs. Ayoub is a woman of Guyanese descent.

26. Mrs. Ayoub is currently employed by Good Shepherd Services as a Program Director.

27. Mrs. Ayoub was hired by Good Shepherd Services in October of 2006.

28. Mrs. Ayoub performed her duties as a Program Director in an exceptional manner and with the highest degree of integrity, despite pervasive discrimination, harassment and retaliation based on national origin.

4

29. Throughout his employment, Mrs. Ayoub was harassed, verbally abused, degraded by the assistant principal, Carmel Belizaire.

30. The discrimination and harassment continued unabated from the time Mrs. Ayoub began her employment until the date of her transfer, despite complaints to the Principal, Emarilix Lopez, and Mrs. Ayoub's Supervisor, Fernando Tineo.

31. In February of 2018, Ms. Belizaire called a meeting with the Ms. Lopez and accused Mrs. Ayoub of performing voodoo on her.

32. Also in February of 2018, Ms. Belizaire told Mr. Tineo that Mrs. Ayoub performed voodoo on her.

33. Ms. Lopez and Mr. Tineo, were aware of the outrageous accusations made by Ms. Belizaire against Mrs. Ayoub.

34. Ms. Lopez and Mr. Tineo, were aware of the hostile work environment that Mrs. Belizaire created.

35. Mrs. Belizaire speaks to all non-Haitian subordinate employees in a demeaning manner, however, Mrs. Belizaire treats Haitian subordinate employees as professionals.

36. Mrs. Ayoub's complaints fell on deaf ears because her employer was concerned about renewing its contract with the City of New York.

37. In March of 2018, as a result of complaining about the discrimination, Mrs. Ayoub was transferred to another school.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

38. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

39. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of Title VII by denying her the same terms and conditions of employment available to Haitian employees, including but not limited to, subjecting her to disparate working conditions and denying Mrs. Ayoub the opportunity to work in an employment setting free of unlawful discrimination.

40. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mrs. Ayoub because of her national origin and race.

41. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mrs. Ayoub is entitled to an award of damages.

42. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

43. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mrs. Ayoub is entitled to an award of punitive damages.

AS AND FOR A SECOND CAUSE OF ACTION
(RETALIATION IN VIOLATION OF TITLE VII)

44. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

45. Defendants have retaliated against Mrs. Ayoub in violation of Title VII for complaining about Defendants' discriminatory practices directed toward her and other non-Haitian subordinate employees by, among other things, subjecting Mrs. Ayoub to acts of discrimination, harassment, humiliation, intimidation, and ultimately job transfer.

46. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm for which Mrs. Ayoub is entitled to an award of monetary damages and other relief.

47. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

48. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mrs. Ayoub is entitled to an award of punitive damages.

AS AND FOR A THIRD CAUSE OF ACTION
(DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981)

49. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

7

50. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of Section 1981 by denying her the same terms and conditions of employment available to Haitian employees, including but not limited to, subjecting her to disparate working conditions and denying Mrs. Ayoub the opportunity to work in an employment setting free of unlawful discrimination.

51. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mrs. Ayoub because of her national origin and race.

52. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mrs. Ayoub is entitled to an award of damages.

53. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

54. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Section 1981 for which Mrs. Ayoub is entitled to an award of punitive damages.

AS AND FOR A FOURTH CAUSE OF ACTION
(RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

55. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

56. Defendants have retaliated against Mrs. Ayoub in violation of Title VII for complaining about Defendants' discriminatory practices directed toward her and other non-Haitian subordinate employees by, among other things, subjecting Mrs. Ayoub to acts of discrimination, harassment, humiliation, intimidation, and ultimately job transfer.

57. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm for which Mrs. Ayoub is entitled to an award of monetary damages and other relief.

58. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

59. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mrs. Ayoub is entitled to an award of punitive damages.

AS AND FOR A FIFTH CAUSE OF ACTION
(DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

60. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

61. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of the NYSHRL by denying her the same terms and conditions of employment available to Haitian employees, including but not limited to, subjecting her to disparate working conditions and denying Mrs. Ayoub the opportunity to work in an employment setting free of unlawful discrimination.

62. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mrs. Ayoub because of her national origin and race.

63. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mrs. Ayoub is entitled to an award of damages.

64. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

65. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NYSHRL for which Mrs. Ayoub is entitled to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
(RETALIATION IN VIOLATION OF THE NYSHRL)

66. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

67. Defendants have retaliated against Mrs. Ayoub in violation of the NYSHRL for complaining about Defendants' discriminatory practices directed toward her and other non-Haitian subordinate employees by, among other things, subjecting Mrs. Ayoub to acts of discrimination, harassment, humiliation, intimidation, and ultimately job transfer.

68. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm for which Mrs. Ayoub is entitled to an award of monetary damages and other relief.

69. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

70. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NYSHRL for which Mrs. Ayoub is entitled to an award of punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYCHRL)

71. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

72. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of the NYCHRL by denying her the same terms and conditions of employment available to Haitian employees, including but not limited to, subjecting her to disparate working conditions and denying Mrs. Ayoub the opportunity to work in an employment setting free of unlawful discrimination.

73. Defendants have discriminated against and harassed Mrs. Ayoub on the basis of her national origin and race in violation of the NYCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mrs. Ayoub because of her national origin and race.

74. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mrs. Ayoub is entitled to an award of damages.

75. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

76. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NYCHRL for which Mrs. Ayoub is entitled to an award of punitive damages.

AS AND FOR AN EIGHTH CAUSE OF ACTION
(RETALIATION IN VIOLATION OF THE NYCHRL)

77. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

78. Defendants have retaliated against Mrs. Ayoub in violation of the NYCHRL for complaining about Defendants' discriminatory practices directed toward her and other non-Haitian subordinate employees by, among other things, subjecting Mrs. Ayoub to acts of discrimination, harassment, humiliation, intimidation, and ultimately job transfer.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Mrs. Ayoub has suffered, and continues to suffer, monetary and/or economic harm for which Mrs. Ayoub is entitled to an award of monetary damages and other relief.

80. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Mrs. Ayoub has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mrs. Ayoub is entitled to an award of compensatory damages.

81. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NYCHRL for which Mrs. Ayoub is entitled to an award of punitive damages.

AS AND FOR A NINTH CAUSE OF ACTION
(NEGLIGENT HIRING, RETENTION AND SUPERVISION)

82. Mrs. Ayoub hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

83. Defendants violated its duty as Mrs. Ayoub's employers by denying her the opportunity to work in an employment setting free of unlawful discrimination, harassment and/or retaliation, by failing to take reasonable steps to determine the fitness of Mrs. Ayoub's supervisors, by failing to reasonably supervise Mrs. Ayoub's co-workers and supervisors and by failing and refusing to investigate and/or take appropriate disciplinary or other actions in response to Mrs. Ayoub's verbal complaints of discriminatory and harassing conduct by Mrs. Ayoub's supervisor on the basis of her national origin and race, which resulted in, among other things, physical injury to Mrs. Ayoub. Defendants had actual knowledge of the undue risk of harm to which they were thereby exposing Mrs. Ayoub based on her complaints to her supervisors.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Mrs. Ayoub prays that the Court enter a judgment in her favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States and the State of New York;

B.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mrs. Ayoub for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

C.     An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mrs. Ayoub for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

14

D.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Mrs. Ayoub in an amount to be determined at trial, plus prejudgment interest;

E.      An award of punitive damages;

F.      An award of costs that Mrs. Ayoub has incurred in this action, as well as Mrs. Ayoub's reasonable attorneys' fees to the fullest extent permitted by law; and

G.      Such other and further relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
            August 6, 2018

Respectfully submitted,


//s// Jaazaniah Asahguii
Jaazaniah Asahguii, Esq.